IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLAN K. AUSTIN, # N-97670,<br>and ANDREW C. HRUBY, #S-07587,<br>individually and on behalf of all others<br>similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>S.A. GODINEZ, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 13-cv-84-MJR<br>)<br>)<br>)<br>) |

# **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

      This matter is before the Court for case management. Plaintiffs filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, concerning their conditions of confinement in Lawrence Correctional Center ("Lawrence"). Specifically, they claim that since April 2011, their allotted mealtime has been shortened to approximately eight minutes (they had formerly been allowed 20 minutes to eat). Due to this policy change, they often are required by correctional officers to leave the chow hall before they can finish their meals. As a result, they must discard a substantial portion of their food and are deprived of adequate nutrition. They regularly must purchase food from the commissary in order to maintain normal weight. Much of the complaint is devoted to an exhaustive listing of the time allowed for each meal, measured from the time the last man was seated in the chow hall, to the time inmates were sent out of the hall by the officer in charge.

      At the outset, the Court has concluded that the instant complaint (Doc. 1), which consists of a total of 98 handwritten pages and names 176 separate Defendants, runs afoul of

Federal Rule of Civil Procedure 8.

> Rule 8(a)(2) requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.' In addition, Rule 8(e)(1)[1] states that '[e]ach averment of a pleading shall be simple, concise, and direct.' The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint 'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.' *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868, 114 S. Ct. 193, 126 L. Ed. 2d 151 (1993); *see also Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint 'must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search' of what it is the plaintiff asserts). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). *See also Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993) (discussing *Conley v. Gibson*, 355 U.S. 41, 48 (1957) (abrogated on other grounds by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007))); *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir. 1994).

The Court finds that the complaint does not provide a short and plain statement of the claim, as it requires the Court and Defendants "to forever sift through its pages" to determine which allegations are made against which of the many Defendants. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990). Proceeding with this pleading also "makes it difficult for . . . defendant[s] to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994).

Accordingly, the Complaint (Doc. 1) is **DISMISSED** without prejudice.

---

[1] Due to subsequent amendments to Rule 8, the requirement that a pleading be concise and direct is now found in Rule 8(d)(1), which states: "Each allegation must be simple, concise, and direct. No technical form is required."

Plaintiffs shall be allowed an opportunity to submit an amended complaint within 21 days of the date of this order, as directed below. In preparing the amended complaint, Plaintiffs are advised to consider the wisdom of including those Defendants who merely carried out the mealtime policy, but presumably had no role in formulating the institutional policy or practice which shortened the meal schedule. In order to maintain a nonfrivolous Eighth Amendment claim for unconstitutional conditions of confinement, an inmate must establish that he suffered an objectively serious deprivation of a basic human need such as food. To determine whether a denial of food raises constitutional concerns, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). The complaint, as pled, fails to specify this information for either Plaintiff, let alone for other potential class members. Further, a prison official cannot be held liable for even an objectively serious deprivation unless the official knows of and disregards an excessive risk to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981). In addition to the need to amend the complaint, Plaintiffs must decide whether they wish to proceed jointly in this action, after considering the admonitions below.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the court addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Nonetheless, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may

be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.[2]

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing party pursuant to Federal Rule of Civil Procedure 5. This means that if there are five plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be five times greater than if there were a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. According to the Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, each Plaintiff will be liable for another full filing fee for each new case.

---

[2] The Court is mindful that Plaintiffs have requested class certification in this action (Doc. 4). However, the desired certification is by no means assured, and a decision on the class certification motion shall not be made until after the deadline for amendment of the complaint and for resolution of the joint litigation matter. In the event that Plaintiffs elect to continue this action together as co-Plaintiffs, and if class certification is ultimately granted, assessment of a separate filing fee for each Plaintiff may be revisited.

Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner pro se litigants face in joint pro se litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court designates Plaintiff Austin as the lead Plaintiff in this action, and offers Plaintiff Hruby an opportunity to withdraw from this litigation before the case progresses further. Plaintiff Hruby may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).

In addition, if Plaintiffs desire to continue this litigation together, any proposed amended complaint or other document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs. As long as the Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831

(7th Cir. 1986); FED. R. CIV. P. 11.[3]  A non-attorney cannot file or sign papers for another litigant.  Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

    **IT IS HEREBY ORDERED** that Plaintiff Hruby shall have 21 days from the date of entry of this order (on or before **March 4, 2013**) in which to advise the Court in writing whether he wishes to continue as a Plaintiff in this joint action.  If, by that deadline, Plaintiff Hruby advises the Court that he does *not* wish to participate in this action, he will be dismissed from the lawsuit and will not be charged a filing fee for this action.  Alternatively, if Plaintiff Hruby wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court, and his claims shall be severed into a new action where a filing fee will be assessed and his motion to proceed IFP shall be considered.

    **IT IS FURTHER ORDERED** that if Plaintiff Hruby does not respond to this order within 21 days, he will be considered a Plaintiff in this action.  At that time, the Court will proceed as described above, and both Plaintiffs shall be held accountable for all consequences explained above.

    **IT IS FURTHER ORDERED** that, if they wish to proceed with this case, Plaintiffs shall file their First Amended Complaint, which shall comply with Federal Rule of Civil Procedure 8, within 21 days of the entry of this order (on or before **March 4, 2013**).  As noted above, if Plaintiff Hruby elects to proceed with his claims in a separate action, each Plaintiff shall individually file a First Amended Complaint in compliance with this Order.

    An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638

---

[3] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."  FED. R. CIV. P. 11(a).

n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiffs must also re-file any exhibits they wish the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of the three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) for each Plaintiff.

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiffs in preparing their amended complaint, the Clerk is **DIRECTED** to mail each Plaintiff a blank civil rights complaint form.

The Clerk is **DIRECTED** to send a copy of this order to each of the named Plaintiffs.

**Pending Motions**

Plaintiffs have jointly filed a motion to proceed in forma pauperis ("IFP") (Doc. 2), a motion to appoint counsel (Doc. 3), a motion for class action certification (Doc. 4), and a motion for temporary restraining order ("TRO") or preliminary injunction (Doc. 8). In light of the dismissal of the operative complaint, all pending motions shall be held in abeyance until after Plaintiffs respond to the orders herein.

As to the motion for TRO (Doc. 8), Plaintiffs allege that they have been subjected to the curtailed meal schedule for one year and nine months, which calls into question the notion that they will suffer immediate and irreparable harm if injunctive relief is not granted. A TRO may issue without notice:

>only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b). Plaintiffs ask the court to order Defendants to comply with the prison's own "institutional rule" that allows ten minutes of meal time after the last man is seated (Doc. 8, p. 4). Reasonable as that request might seem, it is not the role of a federal court to enforce state law, much less the institutional policy of a prison. *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989). Even if the prison is in violation of its own policy, such a violation does not necessarily rise to the level of a constitutional harm. Plaintiff is alerted that since the alleged mealtime shortening dates back to April of 2011, a showing of "immediate and irreparable injury, loss, or damage" appears unlikely and he may wish to abandon the TRO claim.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 11, 2013**

                                                    s/ *Michael J. Reagan*
                                                   **U.S. District Judge**