IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLAN K. AUSTIN, # N-97670, and ANDREW C. HRUBY, #S-07587, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> S.A. GODINEZ, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Case No. 13-cv-84-MJR ) ) ) ) ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

    This matter is before the Court for case management, and on two motions filed by Plaintiff Hruby: a March 4, 2013, motion for status (Doc. 16), and a motion for severance and to dismiss action (Doc. 18) filed on March 6, 2013. Previously, Plaintiff Hruby had been ordered to notify this Court by March 4, 2013, whether he wished to continue as a Plaintiff in this joint action (Doc. 12, entered February 11, 2013).

    It is clear from Plaintiff Hruby's motion for status (Doc. 16) that at the time he submitted the motion, he had not received this Court's Order at Doc. 12. This Order was mailed to Plaintiff Hruby for the second time on February 27, 2013, after the first envelope was returned as undeliverable (Doc. 15). When he submitted the motion for severance and to dismiss action (Doc. 18), he had been notified of the Order at Doc. 12 by Plaintiff Austin, but still had not received his copy (Doc. 18, p. 2). Due to these circumstances, the Court excuses the tardy filing of Plaintiff Hruby's response.

    The motion for status (Doc. 16) is **GRANTED** in that the status is reflected

herein and in the Court's February 11 Order (Doc. 12), which by now Plaintiff should have received.

Plaintiff Hruby's motion for severance and to dismiss action (Doc. 18) is **GRANTED IN PART AND DENIED IN PART.** In the motion, Plaintiff Hruby states that he has been moved to another housing unit away from Plaintiff Austin, and he wishes to be severed from this action as a Plaintiff. He further requests that the instant action be "dismissed without prejudice to him or Plaintiff Austin" and to "hold harmless" both Plaintiffs (Doc. 18, p. 2). Notably, the motion is signed only by Plaintiff Hruby, and not by Plaintiff Austin. As was explained in the Court's February 11 Order (Doc. 12, p. 5-6), a non-attorney cannot sign a document or file a motion on behalf of another litigant. *See* FED. R. CIV. P. 11. Therefore, in the absence of a signature from his co-Plaintiff Austin, Plaintiff Hruby can request relief from this Court only for himself. Accordingly, Plaintiff Hruby's claims shall be severed into a separate action as requested. However, the instant action, in which only Plaintiff Austin's claims shall remain, can only be dismissed at the request of Plaintiff Austin himself. Therefore, the request for dismissal of this action is **DENIED**.

**IT IS HEREBY ORDERED** that the claims of Plaintiff **ANDREW C. HRUBY** are **SEVERED** into a separate action, to be captioned *Andrew C. Hruby, Plaintiff, individually and on behalf of all others similarly situated, vs. S.A. Godinez, et al., Defendants*. Plaintiff Hruby shall be assessed a $350.00 filing fee in that case, and his motion to proceed *in forma pauperis* (Doc. 2) shall be considered in the new action. The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

    (1)    This Memorandum and Order
    (2)    The Original Complaint (Doc. 1)

   (3)  The joint motion to proceed *in forma pauperis* (Doc. 2)
   (4)  The joint motion to appoint counsel (Doc. 3)
   (5)  The joint motion for class action and certification (Doc. 4)
   (6)  The joint motion for TRO/Preliminary Injunction (Doc. 8)
   (7)  Plaintiff Hruby's Prisoner Trust Fund Account Statements (Docs. 9, 17)
   (8)  The Memorandum and Order of February 11, 2013 (Doc. 12)

   **IT IS FURTHER ORDERED** that Plaintiff **HRUBY** is **TERMINATED** from *this* action with prejudice. The only claims remaining in the present action are the claims of Plaintiff Austin against all Defendants.

   Because the operative complaint in this action (Doc. 1) was dismissed pursuant to Federal Rule of Civil Procedure 8 (see Doc. 12), each Plaintiff must file an amended complaint in his respective case in order to proceed with his claims. The original deadline of March 4, 2013, for submission of the amended complaint(s) has now passed. In light of the delay in transmission of the February 11, 2013, Order (Doc. 12) which informed Plaintiffs of this deadline, additional time shall be granted.

   **IT IS THEREFORE ORDERED** that if Plaintiff **AUSTIN** wishes to further pursue his claims, he shall file his First Amended Complaint in this action no later than **March 22, 2013.** Plaintiff Austin is reminded that an amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements or to Rule 8 of the Federal Rules of Civil Procedure, it shall be stricken. Plaintiff Austin must also re-file any exhibits he wishes the Court to consider along with his First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of the three allotted "strikes" within the

meaning of 28 U.S.C. § 1915(g). Alternatively, if Plaintiff Austin does not wish to pursue this action, he shall file his notice of voluntary dismissal within the deadline above. A voluntary dismissal shall not be counted as a "strike," however, Plaintiff Austin has the obligation to pay the filing fee for this case regardless of the disposition. No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

**IT IS FURTHER ORDERED** that in order to proceed with his claims, Plaintiff **HRUBY** shall file his First Amended Complaint in the newly severed case no later than **March 22, 2013.** Plaintiff Hruby is reminded that an amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements or to Rule 8 of the Federal Rules of Civil Procedure, it shall be stricken. Plaintiff Hruby must also re-file any exhibits he wishes the Court to consider along with his First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of the new action with prejudice. Such dismissal shall count as one of the three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). Alternatively, if Plaintiff Hruby does not wish to pursue the severed action, he shall file his notice of voluntary dismissal within the deadline above. A voluntary dismissal shall not be counted as a "strike," however, Plaintiff Hruby has the obligation to pay the filing fee for the severed case regardless of the disposition. No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

The Clerk is **DIRECTED** to send a copy of this Order to Plaintiff Allan K.

Austin, and to Plaintiff Andrew C. Hruby.

**IT IS SO ORDERED.**

**DATED: March 7, 2013**

s/ MICHAEL J. REAGAN
United States District Judge
