**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ALLAN K. AUSTIN, # N-97670, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-84-MJR |
| | ) | |
| S.A. GODINEZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

      This matter is before the Court for review of Plaintiff's First Amended Complaint brought pursuant to 42 U.S.C. § 1983 (Doc. 21).  Plaintiff, an inmate at Lawrence Correctional Center ("Lawrence"), claims that Defendants have deprived him of his civil rights by their failure to allow him sufficient time to eat his meals, thus denying him adequate nutrition.

      Specifically, Plaintiff alleges that Defendants Godinez (Director of the Illinois Department of Corrections) and Hodge (Lawrence Warden) created a policy that shortened prisoners' mealtimes to only ten minutes (Doc. 21, p. 4; Doc. 21-1, pp. 8-9).  Further, the pattern and practice of implementing this policy on a day to day basis has resulted in Plaintiff and other inmates being allowed fewer than ten minutes to eat their food on many occasions.  Since April 2011 and continuing to the present, Lawrence inmates, including Plaintiff, are routinely required by correctional officers to leave the chow hall before they can finish their meals.  If inmates take food out of the dining area, they are subject to disciplinary sanctions.  *Id*.  As a result, they must discard a substantial portion of their food when they are ordered to leave the dining hall.  This

deprivation has become "routine practice" and was not the result of any lockdowns or emergency situations (Doc. 21, p. 5). Plaintiff attaches his records of daily meals from September 2011 through August 2012, to document the starting and ending times allowed by officers (Doc. 21-2, pp. 1-33).

Plaintiff cannot afford to buy food from the commissary to supplement his diet (Doc. 21-1, p. 8). He has suffered substantial weight loss and other adverse health effects, including hunger pains, migraines, weakness, tiredness, and diminished health and muscle mass (Doc. 21, p. 4). He complained to Defendants Hodge and Storm (assistant warden) about the limited time for meals and his health problems, and they responded by telling him to be the first person in line in order to have more time to eat (Doc. 21, pp. 5-6). He asserts that Defendants Godinez and Hodge have been "placed on notice" of the practice of curtailing mealtimes to fewer than ten minutes, but they have failed to remedy the problem (Doc. 21, p. 5). Plaintiff includes with his complaint copies of numerous letters to Defendant Hodge from fellow inmate Larry Harris, who has a pending case in this Court (*Harris v. Hodge*, Case No. 11-cv-973-JPG-PMF) as well as copies of Harris' grievances (Doc. 21-1, pp. 12-20; Doc. 21-3, pp. 1-14).

Plaintiff's own affidavit states that on an unspecified occasion, he asked Defendant C/O McCormick and C/O Horton[1] why he was being rushed out of the dining hall (Doc. 21-1, pp. 8-9). Defendant McCormick stated that he clears the dining room when he thinks inmates have had enough time to eat. Defendant Horton responded that he was just doing as he was told. Based on these statements, Plaintiff concluded that the supervisor/Lieutenant in charge was responsible for determining when inmates would be dismissed from the chow hall.

As relief, Plaintiff seeks damages, declaratory relief, and a "preliminary and

---

[1] The affidavit does not indicate whether this conversation involved Defendant John Horton or Defendant Kevin Horton, each of whom is described as a "C/O" (Correctional Officer) (Doc. 21, pp. 3-4).

permanent injunction allotting at least 15 minutes to finish meals" (Doc. 21, p. 6).

**Merits Review of the Amended Complaint**

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim against Defendants Hodge and Storm for deprivation of adequate nutrition.  However, the complaint fails to state a claim against the remaining Defendants, and they shall be dismissed without prejudice for the following reasons.

Plaintiff's allegations suffice to indicate, at this preliminary stage of the litigation, that he suffered an objectively serious deprivation of adequate food over a sustained period of time.  However, a prison official cannot be held liable for even an objectively serious deprivation unless the official knows of and disregards an excessive risk to the inmate's health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981).

Plaintiff states that he personally discussed the problem of inadequate nutrition with Defendants Hodge and Storm, who allegedly made and implemented the ten-minute meal policy.  However, he does not indicate how or by whom Defendant Godinez was "placed on notice" of the mealtime practices, and his generalized allegations do not suggest that Defendant Godinez knew about Plaintiff's specific complaints or was deliberately indifferent to any risk to Plaintiff's health (Doc. 1, p. 5).  While Defendant Godinez may have reviewed Plaintiff's grievance(s), this alone would not result in him becoming liable for any misconduct committed by those Defendants under his supervision.  In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right."  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). The amended complaint does not indicate personal involvement by

Defendant Godinez in the actions which resulted in the alleged constitutional deprivation, thus he shall be dismissed without prejudice.

As to the Correctional Officer Defendants (listed in Doc. 21, p. 3, ¶ 10, and p. 5, ¶ 20), Plaintiff alleges that "on at least one occasion" Defendants Adams, Adamson, Allen, Arnold, Charles Ash, Nancy Ash, Bradley Ausbrook, Leo Ausbrook, Ayres, Bach, Berry, Robert Boose, Scott Boose, Bootman, Sarah Brake, Timothy Brake, Breeden, Greg Brooks, Randell Brooks, Buchner, Buttrum, Bosecker, Byford, Carter, Chenault, Clodfelter, Cloughfield, Creech, Crooks, Daniel, Dellinger, Dixon, Jeremy Downen, Shane Downen, Davidson, Michael Dunlap, Stoney Dunlap, Dunkin, Eckelberry, Edwards, Erwin, Brian Eubank, Bruce Eubank, Faith, Fisher, Fitzgerald, Jason Freeman, Matthew Freeman, Garrett, Givens, Goble, Gray, Hanson, Hargett, Harmon, Harrington, Jacob Harris, Hartrich, Hartman, Heifner, Henry, Henton, Hicks, Holtz, John Horton, Kevin Horton, Hough, Barney Hughes, Michael Hughes, Derek Hundley, Eric Hundley, C/O Hundley, Hutcheson, Jackman, Marcus Jenkins, T. Jenkins, Kelly Johnson, Kevin T. Johnson, Kemp, Kelsey, Kidd, Kidwell, Leaf, Line, Lockhart, Majors, Marshoff, Leif McCarthy, Matthew McCarthy, McCormick, Messerly, Mensing, Miller, Mitchell, Monicle, Milf, Murbarger, Musgrave, Mullin, Perdue, Perry, Raymer, Roush, Rucker, Rue, Rush, Loyd Sanders, Nathan Sanders, Shawn Sanders, Scherer, Sarles, Schoon, Schwarzlose, Thomas Simmons, Walter Simmons, Simms, Simpson, Sloan, Spade, Jimmy Stanley, Robert Stanley, Stephens, Stone, Andy Stout, Denny Stout, Jeffrey Stroud, C/O Stroud, Stuck, Summers, Charles Tanner, Jerry Tanner, Tarr, Tate, Vines, Volk, Gary Walker, Jimmy Walker, Webb, Webber, Whelon, Darren Williams, James Williams, Vernon Williams, Willis, Williamson, John Wilson, Joshua Wilson, Steven Wilson, Welsh, and Yarnell "deprived plaintiff and all prisoners at Lawrence of the 10 minutes to finish meals, food, and adequate nutrition" (Doc. 21, p. 5, ¶ 20).

Again, there is no allegation that any of these Defendants was made aware of a serious threat to Plaintiff's health due to the insufficient time to eat, so as to establish the requisite subjective intent to sustain a deliberate indifference claim.  Furthermore, the amended complaint does not allege that any Defendant named in this paragraph was responsible for curtailing Plaintiff's mealtime on more than one date.  An individual Defendant who denies an inmate adequate food on one, two, or a similarly small number of occasions over time, does not impose a deprivation of constitutional significance.   In evaluating a claim for inadequate nutrition, a district court "must assess the amount and duration of the deprivation" of food.  *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999).  *See also Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation).  While Plaintiff may have been deprived of food over a long period of time due to the combined actions of the named officers, the number or frequency of incidents attributable to any individual Defendant Correctional Officer listed in paragraph 20 of the amended complaint cannot be ascertained from this pleading.  The allegation that any single Defendant deprived Plaintiff of food "on at least one occasion" does not state a constitutional claim against that individual.

Accordingly, the following Defendants shall be dismissed from the action without prejudice at this time:  Adams, Adamson, Allen, Arnold, Charles Ash, Nancy Ash, Bradley Ausbrook, Leo Ausbrook, Ayres, Bach, Berry, Robert Boose, Scott Boose, Bootman, Sarah Brake, Timothy Brake, Breeden, Greg Brooks, Randell Brooks, Buchner, Buttrum, Bosecker, Byford, Carter, Chenault, Clodfelter, Cloughfield, Creech, Crooks, Daniel, Dellinger, Dixon, Jeremy Downen, Shane Downen, Davidson, Michael Dunlap, Stoney (spelled Storey on the Court Docket Sheet) Dunlap, Dunkin, Eckelberry, Edwards, Erwin, Brian Eubank, Bruce

Eubank, Faith, Fisher, Fitzgerald, Jason Freeman, Matthew Freeman, Garrett, Givens, Goble, Gray, Hanson, Hargett, Harmon, Harrington, Jacob Harris, Hartrich, Hartman, Heifner, Henry, Henton, Hicks, Holtz, John Horton, Kevin Horton, Hough, Barney Hughes, Michael Hughes, Derek Hundley, Eric Hundley, C/O Hundley (spelled Huntley on the Court Docket Sheet), Hutcheson, Jackman, Marcus Jenkins, T. Jenkins, Kelly Johnson, Kevin T. Johnson, Kemp, Kelsey, Kidd, Kidwell, Leaf, Line, Lockhart, Majors, Marshoff, Leif McCarthy, Matthew McCarthy, McCormick, Messerly, Mensing, Miller, Mitchell, Monicle, Milf, Murbarger, Musgrave, Mullin, Perdue, Perry, Raymer, Roush, Rucker, Rue, Rush, Loyd Sanders, Nathan Sanders, Shawn Sanders, Scherer, Sarles, Schoon, Schwarzlose, Thomas Simmons, Walter Simmons, Simms, Simpson, Sloan, Spade, Jimmy Stanley, Robert Stanley, Stephens, Stone, Andy Stout, Denny (spelled Danny on the Court Docket Sheet) Stout, Jeffrey Stroud, C/O Stroud (spelled Strond on the Court Docket Sheet), Stuck, Summers, Charles Tanner, Jerry Tanner, Tarr, Tate, Vines, Volk, Gary Walker, Jimmy Walker, Webb, Webber, Whelon (spelled Whelan on the Court Docket Sheet), Darren Williams, James Williams, Vernon Williams, Willis, Williamson, John Wilson, Joshua Wilson, Steven Wilson, Welsh, and Yarnell.

Plaintiff further alleges that Defendants Hall, Lisa Harris, and Charles Lynch are Majors, and are "responsible for operations and conditions at Lawrence and for supervising subordinates" (Doc. 21, p. 3, ¶ 7).  He makes the identical statement regarding Defendants Bayler, Boldrey, Brown, Dallas, Erickson, Goins, Donald Harris, Jennings, Lamb, McCorkle, Ochs, Ray, Sorenson, Stafford, Stuck,[2] and Vaughn, who are Lieutenants (Doc. 21, p. 3, ¶ 8), and regarding Defendants Burns, Carroll, Sherri Lynch, and McAllister (Doc. 21, p. 3, ¶ 8), who are Sergeants.  He makes no other factual allegations against these Defendants in the remainder

---

[2]  Defendant Thomas Stuck is also listed among the Correctional Officers in paragraphs 10 and 20 of the complaint.

of the amended complaint, to indicate either that they had the necessary subjective intent to deprive Plaintiff of adequate nutrition, or that they caused him to stop eating before he could finish consuming sufficient food on even one occasion.   Therefore, at this time Defendants Bayler, Boldrey, Brown, Burns, Carroll, Dallas, Erickson, Goins, Hall, Donald Harris, Lisa Harris, Jennings, Lamb, Charles Lynch, Sherri Lynch, McAllister, McCorkle, Ochs, Ray, Sorenson, Stafford, Stuck, and Vaughn shall also be dismissed from the action without prejudice.

The amended complaint contains no allegations against Defendants Benjamin Brake, Eric Drummond, Kevin [no middle initial] Johnson, Oswalt, or against any John Does or Jane Does.  Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).   Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).   Accordingly, Defendants Benjamin Brake, Drummond, Kevin [no middle initial] Johnson, Oswalt, and the John Doe and Jane Doe Defendants will be dismissed from this action without prejudice.

## **Pending Motions**

Plaintiff's Motion for Appointment of Counsel (Doc. 3) shall be referred to United States Magistrate Judge Williams for further consideration.

Plaintiff's Motion for Class Action and Certification (Doc. 4) is **DENIED**.  See *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to

permit imprisoned pro se litigant to represent his fellow inmates in a class action).  The Federal

Rules permit class actions to be maintained only if the class representative (in this case the *pro se*

Mr. Austin) "will fairly and adequately protect the interests of the class, FED. R. CIV. P.

23(a)(4), and "[e]very court that has considered the issue has held that a prisoner proceeding *pro*

*se* is inadequate to represent the interests of his fellow inmates in a class action."  *Lee v.*

*Gardinez*, No. 11-cv-570-GPM, 2012 WL 143612, at *1 n.1 (S.D. Ill., Jan. 18, 2012) (quoting

*Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) (internal citations and quotation marks

omitted)).

        Also before the Court is Plaintiff's Motion for Temporary Restraining Order

(TRO) or for Preliminary Injunction (Doc. 8).  A TRO is an order issued without notice to the

party to be enjoined that may last no more than 14 days.  FED. R. CIV. P. 65(b)(2).  A TRO may

issue without notice ***only*** if:

> (A) specific facts in an affidavit or a verified complaint clearly show that
> immediate and irreparable injury, loss, or damage will result to the movant before
> the adverse party can be heard in opposition; and (B) the movant's attorney
> certifies in writing any efforts made to give notice and the reasons why it should
> not be required.

FED. R. CIV. P. 65(b)(1).

        As to the request for a preliminary injunction, the United States Supreme Court

has emphasized that a "preliminary injunction is an extraordinary and drastic remedy, one that

should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."

*Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v.*

*Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original)).  In considering whether to grant

injunctive relief, a district court must weigh the relative strengths and weaknesses of a plaintiff's

claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.

Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999). *Accord Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009).

Without expressing any opinion on the merits of any of Plaintiff's other claims for relief, the Court is of the opinion that a TRO should not be issued in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*.

However, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's request for a preliminary injunction (Doc. 8) is hereby **REFERRED** to United States Magistrate Judge Williams for further consideration, following service on the Defendants. Judge Williams shall schedule an evidentiary hearing as soon as practicable, and issue a report and recommendation as to the disposition of this motion. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Williams.

Finally, Plaintiff's Motion to Copy (Doc. 22) requests that he be mailed a complete copy of the First Amended Complaint and exhibits (Doc. 21). He explains that due to the prison library being closed for several weeks, he had no opportunity to make copies of these documents before he had to submit them to meet this Court's filing deadline of March 22, 2013.

Due to these circumstances beyond Plaintiff's control, the motion is **GRANTED.**  However, Plaintiff is **ADVISED** that ordinarily, the District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee, which is $.50 per page.  *See* 28 U.S.C. § 1914(b); §(4) of The Judicial Conference Schedule of Fees.  In the future, no copies shall be provided without full prepayment.  The Clerk is **DIRECTED** to mail Plaintiff a copy of the First Amended Complaint and exhibits (Docs. 21, 21-1, 21-2, and 21-3).

## Disposition

         **IT IS HEREBY ORDERED** that the following Defendants are **DISMISSED** from this action without prejudice for failure to state a constitutional claim against them: Godinez, Adams, Adamson, Allen, Arnold, Charles Ash, Nancy Ash, Bradley Ausbrook, Leo Ausbrook, Ayres, Bach, Bayler, Berry, Boldrey, Robert Boose, Scott Boose, Bootman, Benjamin Brake, Sarah Brake, Timothy Brake, Breeden, Greg Brooks, Randell Brooks, Brown, Buchner, Burns, Buttrum, Bosecker, Byford, Carroll, Carter, Chenault, Clodfelter, Cloughfield, Creech, Crooks, Dallas, Daniel, Davidson, Dellinger, Dixon, Jeremy Downen, Shane Downen, Drummond, Michael Dunlap, Stoney (spelled Storey on the Court Docket Sheet) Dunlap, Dunkin, Eckelberry, Edwards, Erickson, Erwin, Brian Eubank, Bruce Eubank, Faith, Fisher, Fitzgerald, Jason Freeman, Matthew Freeman, Garrett, Givens, Goble, Goins, Gray, Hall, Hanson, Hargett, Harmon, Harrington, Donald Harris, Jacob Harris, Lisa Harris, Hartrich, Hartman, Heifner, Henry, Henton, Hicks, Holtz, John Horton, Kevin Horton, Hough, Barney Hughes, Michael Hughes, Derek Hundley, Eric Hundley, C/O Hundley (spelled Huntley on the Court Docket Sheet), Hutcheson, Jackman, Marcus Jenkins, T. Jenkins, Jennings, Kelly Johnson, Kevin [no middle initial] Johnson, Kevin T. Johnson, Kemp, Kelsey, Kidd, Kidwell, Lamb, Leaf, Line, Lockhart, Charles Lynch, Sherri Lynch, Majors, Marshoff, McAllister, Leif McCarthy,

Matthew McCarthy, McCorkle, McCormick, Messerly, Mensing, Miller, Mitchell, Monicle, Milf, Murbarger, Musgrave, Mullin, Ochs, Oswalt, Perdue, Perry, Ray, Raymer, Roush, Rucker, Rue, Rush, Loyd Sanders, Nathan Sanders, Shawn Sanders, Scherer, Sarles, Schoon, Schwarzlose, Thomas Simmons, Walter Simmons, Simms, Simpson, Sloan, Sorenson, Spade, Stafford, Jimmy Stanley, Robert Stanley, Stephens, Stone, Andy Stout, Denny (spelled Danny on the Court Docket Sheet) Stout, Jeffrey Stroud, C/O Stroud (spelled Strond on the Court Docket Sheet), Stuck, Summers, Charles Tanner, Jerry Tanner, Tarr, Tate, Vaughn, Vines, Volk, Gary Walker, Jimmy Walker, Webb, Webber, Whelon (spelled Whelan on the Court Docket Sheet), Darren Williams, James Williams, Vernon Williams, Willis, Williamson, John Wilson, Joshua Wilson, Steven Wilson, Welsh, Yarnell, and the John Does and Jane Does.

IT IS FURTHER ORDERED that the Clerk of Court shall prepare for Defendants **HODGE** and **STORM**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any

documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motions for appointment of counsel (Doc. 3) and preliminary injunction (Doc. 8).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or

give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 15, 2013**

s/ MICHAEL J. REAGAN
United States District Judge