IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLAN K. AUSTIN, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | )   Case No.   13-cv-84-MJR-SCW |
| | ) |
| MARK HODGE and STORM, | ) |
| | ) |
|         Defendants. | ) |

**REPORT AND RECOMMENDATION**

**WILLIAMS, Magistrate Judge:**

### I.   Introduction

This case is before the Court on Plaintiff's Motion for Temporary Restraining Order or for Preliminary Injunction (Doc. 8). The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **DENY** Plaintiff's motion for temporary restraining order or preliminary injunction (Doc. 8).

### II.   Factual Background

**A.   Procedural Background**

Plaintiff filed the instant Motion for Temporary Restraining Order or for Preliminary Injunction (Doc. 8) on January 28, 2013, shortly after filing his original Complaint. Plaintiff's original Complaint included a second Plaintiff, Andrew Hruby, whose claims were severed and separated by the District Court on March 8, 2013 (Doc. 20). At that time, Plaintiff was directed to file an Amended Complaint addressing his claims only. Plaintiff filed his Amended Complaint on March 22, 2013

(Doc. 21).

Plaintiff's Amended Complaint alleges that Defendant Hodge created a policy and practice of shortening prisoners' mealtimes to only ten minutes and that the pattern and practice at Lawrence resulted in Plaintiff and other inmates being allowed less than ten minutes to eat their meals (Doc. 23). Plaintiff's Complaint alleges that as a result of the policy, inmates, including Plaintiff, are required to leave the chow hall before they finish their meals and are not allowed to take any food with them (*Id.*). As a result of the policy, Plaintiff maintains that he has suffered from weight loss and other adverse health effects including hunger pains, migraines, weakness, and tiredness (*Id.*).

Plaintiff's motion for temporary restraining order or preliminary injunction seeks an injunction from this Court to require Defendants to provide Plaintiff with at least ten minutes after the last man in the chow line has been seated to finish his meals.

**B.     Evidentiary Hearing**

On June 18, 2013, the undersigned held an evidentiary hearing on Plaintiff's motion for preliminary injunction. At the hearing, Plaintiff informed the Court that as of June 2, 2013, inmates have been getting more time to eat their lunchtime meal. Plaintiff noted that they were getting, as of June 2, 2013, approximately twelve to seventeen minutes to finish their meals, whereas prior to June, they were only allowed six to eight minutes to eat. However, Plaintiff informed the Court that although lunchtime meals are no longer an issue, still at issue is the time allotted inmates to eat dinner. Plaintiff notes that at the dinner meals, he is still being denied adequate time to eat. Thus, the undersigned limited the focus of the evidentiary hearing to the time provided to Plaintiff to finish his dinner meal, as lunchtime meals are no longer at issue.

Plaintiff testified that he gets less than ten minutes to eat dinner meals at Lawrence Correctional Center. Plaintiff noted that he documents every dinner meal and writes down the time from when the last man in the chow line sits down and when they are told to leave the chow hall by the

correctional officers. Plaintiff stated that he currently only has documented recordings of these times from September 2011 through February 2, 2013[1] and from June 2, 2013 to the present. Plaintiff testified that his recordings from February 2, 2013 to June 2, 2013 were recently confiscated by Lawrence Correctional Officers during a shake-down of his cell.

As to dinner meals, Plaintiff provided the following time table orally to the Court:

| Date | Time Last Man in Chow Line Sat Down | Time Guard Informs First Person that they must leave Chow Hall |
|---|---|---|
| June 2, 2013 | 7:04 | 7:10 |
| June 3, 2013 | 6:54 | 7:00 |
| June 4, 2013 | 7:16 | 7:24 |
| June 5, 2013 | 7:19 | 7:27 |
| June 6, 2013 | 6:46 | 6:58 |
| June 7, 2013 | 7:40 | 7:46 |
| June 8, 2013 | 7:01 | 7:10 |
| June 9, 2013 | Not Recorded | Not Recorded |
| June 10, 2013 | 7:18 | 7:28 |
| June 11, 2013 | 6:42 | 6:48 |
| June 12, 2013 | 6:55 | 7:02 |
| June 13, 2013 | 6:35 | 6:52 |
| June 14, 2013 | Fed In-house | Fed In-house |
| June 15, 2013 | 7:13 | 7:18 |
| June 16, 2013 | 7:11 | 7:17 |
| June 17, 2013 | 5:03 | 5:16 |

Plaintiff testified that he personally keeps track of every meal, from the time the last man in the chow line is seated to the time that the guards inform them that it is time to start lining up. Plaintiff uses his own personal watch to track the time. He does not, however, keep track of how long he, personally, gets to eat. Plaintiff testified that he tries to be in the front of the line but sometimes he ends up in the middle of the line or towards the end of the line. He estimates that the people towards the front of the line get two to four minutes longer than the people in the back of the line to eat, as they begin

---

[1] The undersigned **DIRECTED** Plaintiff to submit to the Court all of his documentation regarding meals at Lawrence Correctional Center. As to the documented recordings that were confiscated, the February 2, 2013 to June 2, 2013 recordings, the undersigned **DIRECTED** Defendant's counsel to inquire of the prison about these documents and to have them returned to Plaintiff so that he may provide them to the Court. Nevertheless, the undersigned viewed the dates that Plaintiff testified to at the hearing as being the most significant and relevant to Plaintiff's claims.

eating before the last man in the chow line sits down. It takes about two to four minutes for everyone in the chow line to receive their food. Plaintiff also testified that it takes two minutes for everyone to line up at the end of the meal, and that guards start dismissing inmates from the chow hall in the order that they entered the chow hall. Plaintiff notes that it takes him approximately seven minutes to finish his meal. Plaintiff testified that as a result of the shortened meal time, he has suffered from significant weight loss.[2]

In addition to Plaintiff's testimony, Defendant Hodge offered the testimony of Major Richard Hall. Major Hall is a shift supervisor who is familiar with the chow procedure. Major Hall testified that there are usually sixty to ninety inmates in the chow hall during lunch and that it usually takes two to five minutes to seat everyone in the line. Inmates are then given ten minutes to eat from the time the last person sits down. To dismiss inmates from the chow hall, Major Hall testified that the guards start with the first person that was seated and that it usually takes two to three minutes for all of the inmates to be dismissed. Major Hall stated that the guards must stick to this ten minute schedule as many of the inmates have to get to school at noon and if the inmates were given longer for lunch, they would not get to their designated location after lunch on time.

Major Hall also testified as to the operations of the chow hall during the dinner meal, although he acknowledged that he does not work the 3-11 shift when dinner is served and is in the chow hall at dinnertime, at most, once a month. His testimony regarding the dinner meal operations is based on how the chow line is supposed to work. Major Hall testified that inmates get longer for dinner as there is less rush to move inmates through the chow hall because there are no scheduled activities directly after dinner like there is for lunch. For dinner, the inmates are brought in, in three

---

[2] At the time of the hearing, Plaintiff had not provided the undersigned with any of his medical records. Plaintiff testified that his weight loss is documented in his medical records, thus the Court **DIRECTED** Plaintiff to submit those records to the Court. Plaintiff provided the Court with a copy of his medical records on July 2, 2013 (Doc. 39). The Court has viewed those records and notes that from February 8, 2011 to January 17, 2012, Plaintiff gained six pounds, while from January 17, 2012 to December 6, 2012 Plaintiff lost seventeen pounds. This results in a loss of only eleven pounds during an almost two year period. Thus, the undersigned notes that Plaintiff did not suffer a significant weight loss.

lines. The first line is brought in and seated. The correctional officer then returns for the second line. Once the second line is seated, the correctional officers retrieve the third line and stagger their seating while the first line is dismissed from the chow hall.

### III. Conclusions of Law

**A.     Preliminary Injunction Standard**

Plaintiff asks for relief in the form of either a temporary restraining order or a preliminary injunction. A temporary restraining order may issue without notice only when a party shows "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." **FED. R. CIV. P. 65(b)(1).** Plaintiff has not shown that immediate and irreparable injury will result before the adverse party can be heard. Further, Defendant Hodge has now been provided with notice and counsel for Defendant appeared at the evidentiary hearing. Thus, the Court construes Plaintiff's motion as one for preliminary injunction.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). *Accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (**"A preliminary injunction is an extraordinary remedy never awarded as of right").** To win a preliminary injunction, a plaintiff must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) that the injunction is in the public interest. *Judge v. Quinn*, **612 F.3d 537, 546 (7th Cir. 2010) (citing Winter, 555 U.S. at 20)**. The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Judge*, **612 F.3d at 546**.

In the context of prisoner litigation, there are further restrictions on courts' remedial

power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, **682 F.3d 679, 683 (7th Cir. 2012).** Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." **18 U.S.C. §3626(a)(2).** *See also Westefer*, **682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).**

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, **130 F.3d 293, 295 (7th Cir. 1997).** Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.* **(citing** *Jordan v. Wolke*, **593 F.2d 772, 774 (7th Cir. 1978)).** *See also W.A. Mack, Inc. v. Gen. Motors Corp.*, **260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").**

B.      Analysis

Plaintiff seeks an injunction requiring Lawrence Correctional Center to provide inmates, including himself, with fifteen minutes from the time the last man is seated in the chow hall to eat their dinner meals. As to the lunchtime meals, Plaintiff acknowledges that correctional officer are providing inmates with ten minutes to consume their meals and thus lunchtime meals are no longer at issue for purposes of this preliminary injunction request. However, Plaintiff still seeks a preliminary injunction as to dinner meals.

However, the Court finds that Plaintiff is not entitled to a preliminary injunction as to his dinner meals because he has not shown that he is likely to succeed on the merits or that he will suffer irreparable harm if he is not given an injunction. Plaintiff testified that it takes him seven minutes to eat his meals. He also orally provided to the Court his documented recordings for the time from which the last man is seated until the time the first man is dismissed from the chow hall. Those recordings indicate that inmates are provided at least six minutes from the time the last man is seated to finish their meals. On many occasions, inmates were provided eight, nine, or as much as twelve to thirteen minutes from the time the last man sat down to finish their meals. Plaintiff also testified that inmates at the beginning of the line receive an extra two to three minutes to eat as it takes two to three minutes to provide trays to the entire line. Plaintiff also testified that it takes two to three minutes for inmates to line up after being dismissed from the chow hall and that dismissals start with the first inmate seated. Thus, the evidence indicates that inmates at both the beginning and end of the line benefit from this two minute interval created by the lines in addition to the time allotted inmates to finish their meals after the last man is seated, giving all inmates in the chow hall the advantage of an additional two to three minutes to the allotted eating time. Assuming Plaintiff's testimony is true, which the undersigned finds Plaintiff's testimony to be credible, Plaintiff thus, at the very least, receives eight minutes to finish his meal. As Plaintiff has testified that it only takes Plaintiff seven minutes to eat, the Court fails to see how Plaintiff is not receiving adequate time to finish his meal. Further, Plaintiff has not demonstrated that he will suffer irreparable harm if an injunction is not ordered. Although Plaintiff testified that he has lost weight, his testimony and the evidence reflects that he is currently receiving adequate time to finish his meals. Thus, he will suffer no harm if the chow hall operations continue under the current system without a preliminary injunction. Accordingly, the undersigned finds that Plaintiff is not entitled to a preliminary injunction.

### IV. Conclusion

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's motion for preliminary injunction (Doc. 8) be **DENIED**.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **July 29, 2013.**

**IT IS SO ORDERED**.
DATED: July 12, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge