IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLAN K. AUSTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV- 84-MJR-SCW |
| | ) |
| MARK HODGE AND STORM, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Allan Austin's Amended Complaint alleges that Defendant Hodge created a policy and practice of shortening prisoners' mealtimes to only ten minutes and that the pattern and practice at Lawrence resulted in Plaintiff and other inmates being allowed less than ten minutes to eat their meals (*See* Doc. 23). Plaintiff alleges that as a result of the policy, he has been required to leave the chow hall before finishing his meal (*Id.*). Also as a result of this policy, Plaintiff alleges that he has suffered from weight loss and other adverse health effects including hunger pains, migraines, weakness, and tiredness (*Id.*). On January 28, 2013, Plaintiff filed a motion for a temporary restraining order or preliminary injunction, asking the Court to require Defendants to provide

Plaintiff with at least ten minutes after the last man in the chow line has been seated to finish his meals (Doc. 8). Magistrate Judge Stephen Williams held a hearing on Plaintiff's motion on June 18, 2013 and issued a Report and Recommendation on July 12, 2013 (Doc. 41). The Report & Recommendation gave the parties until July 29, 2013 to file an objection. No objections have been filed.

At the hearing, Plaintiff acknowledged that the lunchtime meals are no longer at issue for purposes of the preliminary injunction request. However, Plaintiff still seeks a preliminary injunction as to dinner meals. Magistrate Judge Williams' Report, which construes the motion as one for preliminary injunction, recommends denying Plaintiff's motion, as it does not appear that he will suffer irreparable harm, and success on the merits is dubious. Magistrate Judge William's reasoned that the evidence indicates that inmates at both the beginning and end of the line benefit from a two minute interval created by the lines in addition to the time allotted inmates to finish their meals after the last man is seated. This gives all inmates in the chow hall the advantage of an additional two to three minutes to the allotted eating time. Magistrate Judge Williams concluded from Plaintiff's testimony that he, at the very least, receives eight minutes to finish his meal. Plaintiff has also testified that it only takes him seven minutes to eat, thus, Magistrate Judge Williams fails to see how Plaintiff is not receiving adequate time to finish his meal. Magistrate Judge Williams also reviewed a copy of Plaintiff's medical records and noted that Plaintiff did not suffer a significant weight loss.

Ultimately, Magistrate Judge Williams concluded that Plaintiff will suffer no harm if the chow hall operations continue under the current system without a preliminary injunction.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. **28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b);** *Harper v. City of Chicago Heights*, **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, **824 F. Supp. at 788**. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id., quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)**.

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), the Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, **474 U.S. 140 (1985)**. While a *de novo* review is not required here, the Court has considered the record and Magistrate Judge William's Report and Recommendation and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Williams.

The Court **ADOPTS** Magistrate Judge Williams' Report and Recommendation (Doc. 41) and **DENIES** Plaintiff's Motion for Preliminary Injunction (Doc. 8).

IT IS SO ORDERED.

DATED: August 13, 2013

                                                    s/ Michael J. Reagan_____
                                                    MICHAEL J. REAGAN
                                                    United States District Judge